IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUNLINE USA, LLC,** <br> **Plaintiff,** <br><br> v. <br><br> **GLOVE KING, LLC, HENRY LEONG, AND TROPICAL GROUP, LLC,** <br> **Defendants.** | **CIVIL ACTION** <br><br><br><br><br> **NO.  22-1689** |

## MEMORANDUM OPINION

In this action Plaintiff Sunline USA, LLC (d/b/a Sunline Supply) ("Sunline"), a Pennsylvania limited liability company (LLC), brings breach of contract[1] and tort claims against three Defendants in connection to an agreement whereby Sunline would purchase nitrile gloves from Defendant Glove King, LLC ("Glove King"), an Illinois LLC for which Defendant Henry Leong ("Leong") is a representative.  Sunline alleges that thousands of boxes of gloves shipped to Los Angeles bearing the Sunline name and logo have been wrongfully retained by Glove King and are being stored by Defendant Tropical Group, LLC ("Tropical Group"), a Florida LLC, in a facility in Gardenia, California.  Moreover, it is alleged that the wrongfully retained gloves are being marketed for sale online by Glove King through or with the participation of Tropical Group.

Defendant Tropical Group has moved to dismiss for lack of personal jurisdiction or improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or, in the alternative, to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404.  Defendants Glove King and Leong have not responded

---

[1] The breach of contract claim is brought solely against Defendant Glove King, LLC.

1

to the Complaint or filed responsive briefing.

For the reasons that follow, Defendant Tropical Group's Motion to Dismiss is granted for lack of personal jurisdiction. Additionally, Plaintiff Sunline shall be ordered to show good cause as to why this Court may exercise personal jurisdiction over non-responsive Defendants Glove King and Leong.

## I. FACTUAL BACKGROUND[2]

Sunline is a Pennsylvania LLC with its registered business address and primary place of business in Bridgeport, Pennsylvania. Sunline is in the business of selling personal protective equipment ("PPE"), including nitrile gloves. Defendant Glove King is an Illinois LLC with its registered business address and primary place of business in Chicago, Illinois. Glove King manufactures PPE for sale throughout the United States. Defendant Leong is an individual and was a resident of Chicago, Illinois at the time of the filing of the Complaint.[3] Leong is an owner, employee, manager, or representative of Glove King.

Defendant Tropical Group is a Florida LLC with a registered business address in Saint Petersburg, Florida. Tropical Group is a three-person company, and one of its managing members resides in Exton, Pennsylvania. Tropical Group holds itself out as a nationwide consulting company focused on strategic sourcing of examination gloves.

Around April 2021, Sunline entered into conversations with Glove King, looking for connections to manufacturers of nitrile gloves that Sunline could sell to its customers. Glove King is alleged to have assured Sunline it had many relationships with reputable manufacturers

---

[2] The following facts are drawn from the allegations in Sunline's Complaint.

[3] Sunline has filed an affidavit providing updated addresses for Glove King (c/o Henry Leong) and Henry Leong showing locations in Burr Ridge, Illinois.

in China and Malaysia, could import such products, and also possessed a large amount of product in the United States.  Sunline explained to Glove King that it was looking for high quality PPE.  Sunline alleges that Glove King understood that the gloves being produced would be sold through Sunline's offices in Bridgeport, Pennsylvania.

Sunline entered into multiple agreements with Glove King to purchase nitrile gloves in the form of purchase invoices.  The first set of orders consisted of two invoices.  Sunline paid an initial deposit for the first two invoices via wire transfer originating in Bridgeport, Pennsylvania. None of the gloves for the first two invoices arrived on time, but Glove King provided assurances that they would arrive at later, certain dates.  On that basis, Sunline entered into further agreements to purchase more gloves.  But none of the shipping containers related to the first two invoices arrived by the new dates promised.   Weeks after the promised delivery dates, Glove King finally delivered one shipping container of gloves to Sunline, but it contained the wrong type of gloves from an unknown manufacturer and of lesser quality than promised.  The remainder of the promised product did not arrive, and Sunline cancelled the remaining orders.

Then, around June 25, 2021, Glove King imported about 3,400 gloves of unknown quality into Los Angeles in a second shipping container, gloves bearing the Sunline name and logo.  Glove King is alleged to have changed the consignee designation on the bill of lading without Sunline's knowledge or consent and thereby took custody of the gloves.  Those gloves are now being stored at Tropical Group's facility in Gardenia, California.  Glove King is accused of marketing those Sunline branded gloves for sale online through the website Reddit without Sunline's consent and through or with the participation of Tropical Group (the Reddit advertisement directs buyers to Tropical Group's website).

On the basis of these allegations, Sunline brings claims of conversion (Count III) and

unfair competition (Count VI) against Tropical Group.

## II. LEGAL STANDARDS

On a motion to dismiss for lack of jurisdiction, the plaintiff's allegations must be accepted as true, and disputed facts must be construed in the plaintiff's favor. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003). The burden is on the plaintiff to establish a *prima facie* case for personal jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

The issue here is whether plaintiff's allegations support the exercise of personal jurisdiction over Tropical Group.

## III. DISCUSSION

### A. Personal Jurisdiction over Tropical Group

A federal court determines whether it may exercise personal jurisdiction over a defendant according to the law of the state in which it sits. *O'Connor*, 496 F.3d at 316; *see* Fed. R. Civ. P. 4(k)(1)(A). We thus apply Pennsylvania's long-arm statute, which provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b).[4] Accordingly, the limits of the Due Process Clause set the bounds for the "most minimum contact" that will sustain personal jurisdiction. *See O'Connor*, 496 F.3d at 316. To comport with due process, the defendant must have "certain minimum contacts with . . . [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S.

---

[4] Pennsylvania's long-arm statute expressly extends jurisdiction to a person who causes "harm or tortious inquiry in this Commonwealth by an act or omission outside this Commonwealth." 42 Pa. Cons. Stat. 5322(a)(4). The exercise of jurisdiction must still, however, comport with the limits of due process. *See Endless Pools, Inc. v. Wave Tec Pools, Inc.*, 362 F. Supp. 2d 578, 583 (E.D. Pa. 2005).

310, 316 (1945) (internal quotation omitted).

The two types of personal jurisdiction are general jurisdiction and specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.9 (1984). For the reasons outlined below, this Court lacks personal jurisdiction over Tropical Group under each theory.

### *i.     General Jurisdiction*

General personal jurisdiction requires that the defendant has had "continuous and systematic" contacts with the forum state. *Kyko Glob., Inc. v. Bhongir*, 807 F. App'x 148, 151 (3d Cir.), *cert. denied*, 141 S. Ct. 670 (2020) (citing *O'Connor*, 496 F.3d at 317). Following the United States Supreme Court's decisions in *Goodyear* and *Daimler*, a court may assert general jurisdiction over corporations to hear any claims against them when their affiliations with the forum state render them essentially "at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The place of incorporation and the corporation's principal place of business are the paradigmatic grounds for general jurisdiction. *Daimler*, 571 U.S. at 137.[5] Yet, "[i]n rare instances general jurisdiction may arise in an 'exceptional case . . . [where] a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.'" *Campbell v. Mars, Inc.*, 2016 WL 6901970, at *2 (E.D. Pa. Nov. 22, 2016) (quoting *Daimler*, 571 U.S. at 139 n.19).

The first paradigmatic ground for general jurisdiction is clearly not present here: Tropical Group is incorporated in Florida and not in Pennsylvania.

---

[5] While *Daimler* focused on corporations, its reasoning applies with equal force to LLCs. *See Finn v. Great Plains Lending, LLC*, 2016 WL 705242, at *3 (E.D. Pa. Feb. 23, 2016).

5

As to Tropical Group's principal place of business, its registered business address is in Florida, and corporate filings, reflected in an exhibit attached to Sunline's Response, treat the same address as its principal place of business.[6] Sunline argues, however, that the company is really run out of Pennsylvania by the managing member residing there. Specifically, Sunline claims that, "[o]ther than some paper filings in Florida, Tropical Group does not own a principal place of business and merely pays for a registered agent service within Florida, Tropical Group does not own or maintain anything at its listed address," and "[t]here are no offices and no decision makers in Florida." These allegations are not included in the Complaint or supported by the facts in the Complaint. Instead, Sunline relies on the exhibit showing Tropical Group's corporate filings. The exhibit supports that there is a registered agent at the same address listed as Tropical Group's principal place of business in Saint Petersburg, Florida. But the exhibit does not support Sunline's other allegations, *e.g.*, that there are no offices and no decision makers in Florida. Due to the lack of factual allegations and evidence offered in support for this theory in Sunline's Complaint, the Court cannot conclude that the managing member's residence should be treated as Tropical Group's principal place of business.[7]

Sunline does not otherwise offer sufficient factual allegations to demonstrate this is an "exceptional case" warranting the exercise of general jurisdiction in the absence of the

---

[6] Sunline attaches an exhibit to its Response showing Tropical Group's annual company reports since 2020. The Court may consider this exhibit as a matter of public record. *See Eichelberger v. City of Philadelphia*, 2018 WL 2102321, at *2 & n.2 (E.D. Pa. May 7, 2018) (considering an exhibit attached to plaintiff's response).

[7] The case law on determining the principal place of business for a LLC has sometimes looked to the considerations applied in the context of diversity jurisdiction, such as whether the location reflects the "nerve center" of the company. *See, e.g.*, *Hannah v. Johnson & Johnson Inc.*, 2020 WL 3497010, at *17 (D.N.J. June 29, 2020), *reconsideration denied sub nom. Johnson v. Johnson & Johnson Inc.*, 2021 WL 165099 (D.N.J. Jan. 19, 2021) (citing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). To the extent such considerations are applicable in the context of general personal jurisdiction, the Court cannot conclude that the "nerve center" of Tropical Group is the managing member's residence in Pennsylvania on the basis of the factual allegations and evidence provided.

paradigmatic bases.  *Campbell*, 2016 WL 6901970, at *2.  The Court cannot conclude that the residence of one managing member of the LLC demonstrates a presence "so substantial and of such a nature as to render the corporation at home."  *Id.*  Other courts addressing the issue of general personal jurisdiction over an LLC on the basis of its members have reached similar conclusions.  *Hannah*, 2020 WL 3497010, at *20 (D.N.J. June 29, 2020) (holding that the citizenship of a member of an LLC did not bear on the issue of personal jurisdiction over the LLC); *Carruth v. Michot*, 2015 WL 6506550, at *7 (W.D. Tex. Oct. 26, 2015) ("[T]he personal jurisdiction analysis is founded on an evaluation of whether each defendant purposefully availed him or herself of the benefits and protections of the forum state.  Disregarding a defendant's corporate form and looking directly to the citizenship of an limited liability company's members ignores this directive." (citation omitted)).  Here, Sunline has not presented sufficient evidence to show that Tropical Group's affiliations with Pennsylvania are so "continuous and systematic" as to render it at home.  *See Carruth*, 2015 WL 6506550, at *7.

> ii. **Specific Jurisdiction**

Since this Court cannot exercise general personal jurisdiction over Tropical Group, the source of its jurisdiction must be based instead on Tropical Group's specific contacts with Pennsylvania as related to this litigation.  Establishing specific personal jurisdiction demands a three-part inquiry: (1) the defendant must have "purposefully directed [its] activities" at the forum state; (2) the litigation must "arise out of or relate to at least one of those activities"; and, if the first two elements are satisfied, (3) the exercise of personal jurisdiction over the defendant must comport with "fair play and substantial justice."  *Kyko Glob.*, 807 F. App'x at 151 (citations omitted).

In addition to the traditional inquiry above, there is a complementary inquiry for

instances where the activity purported to give rise to specific jurisdiction consists of an intentional tort. *O'Connor*, 496 F.3d at 317 n.2. Emerging from *Calder v. Jones*, 465 U.S. 783 (1984), the "effects" test for determining whether an intentional tort allows for the exercise of jurisdiction over the tortfeasor-defendant requires that "the defendant committed (1) an intentional tort, (2) the forum bore 'the brunt of the harm' and was 'the focal point . . . of the harm suffered,' and (3) the tortious conduct was 'expressly aimed' at the forum state." *Kyko Glob.*, 807 F. App'x at 152 (quoting *Calder*, 465 U.S. at 789). "Generally speaking, under *Calder* an intentional tort directed at the plaintiff and having sufficient impact upon it in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 260 (3d Cir. 1998).

Yet, while *Calder* supplies an alternative basis for establishing "minimum contacts" comporting with due process, the Third Circuit has nonetheless interpreted *Calder* conservatively. *Id.* at 265 ("We recognize that a conservative reading of *Calder* may significantly limit the types of business tort cases that will satisfy the requirements of personal jurisdiction via the 'effects test.' Yet, we believe that such a result is consistent with the Supreme Court's intended relationship between *Calder* and the traditional minimum contacts analysis."). Under this "conservative reading," the Third Circuit has emphasized that *Calder* did not "carve out a special intentional torts exception to the traditional specific jurisdiction analysis, so that a plaintiff could always sue in his or her home state." *Id.* Notably, *Calder* "requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum," and "[s]imply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum" is "insufficient in itself." *Id.*

8

Here, the *Calder* effects test is applicable because Tropical Group is accused of having committed two torts, conversion and unfair competition, each of which is intentional under *Calder*. *Miller v. Native Link Constr., LLC*, 2017 WL 3536175, at *27 (W.D. Pa. Aug. 17, 2017) (conversion); *Argentum Med., LLC v. Noble Biomaterials*, 2009 WL 1444288, at *5 (M.D. Pa. May 21, 2009) (unfair competition).

With these standards set forth, we address Sunline's three theories for specific personal jurisdiction: (1) Tropical Group is managed by an LLC member living in Pennsylvania; (2) Tropical Group advertised Sunline's nitrile gloves online; and (3) Tropical Group knew that the alleged tortious actions would impact Sunline, which it knew or should have known is based in Pennsylvania.

### a. LLC Member's Residence in Forum

The fact that a managing member of Tropical Group resides in Pennsylvania is not sufficient to demonstrate that Tropical Group "purposefully directed" its activities at Pennsylvania or its residents. *Kyko Glob.*, 807 F. App'x at 151. There are no allegations that the managing member in Pennsylvania, or any other member of Tropical Group, directed business activities towards Pennsylvania or its residents.

Sunline further argues that the managing member must have made or taken part in the decision to pursue the alleged tortious activity from his Pennsylvania residence—apparently in an attempt to satisfy the traditional minimum contacts prong requiring that the litigation "arise out of or relate" to activities directed at the forum. *Id.* But this argument sweeps too broadly: it would be difficult or impossible to cabin the "arise out of or relate to" prong if it were satisfied anytime a member of an LLC or similar corporate entity, while working from a residence in the plaintiff's desired forum, made or took part in a decision arguably leading to tortious action

9

giving rise to the litigation.  Additionally, this theory still does not address the requirement that the action be directed *at* Pennsylvania.  *See id.*  As Sunline's Complaint illustrates, the alleged tortious activity occurred in California.

### b. General Internet Advertising

As to Sunline's argument that Tropical Group was involved in advertising the nitrile gloves on the website Reddit, merely advertising a product online is not sufficient to establish specific jurisdiction.  *See McGillvary v. Grande*, 2022 WL 1442241, at *4 (D.N.J. May 6, 2022) ("[T]he Third Circuit has cautioned that 'the mere posting of information or advertisements on an internet website,' without express aim at a forum, 'does not confer . . . personal jurisdiction.'" (quoting *Remick v. Manfredy*, 238 F.3d 248, 259 n.3 (3d Cir. 2001)).  Here, there are no allegations or evidence that Tropical Group did anything more than generally advertise the nitrile gloves on the internet.  There are no allegations or evidence supporting that the advertising was targeted towards Pennsylvania residents.  As such, the advertising is insufficient to establish specific jurisdiction in Pennsylvania.

### c. Knowledge That Plaintiff Is Located in the Forum

Finally, Sunline's argument that specific personal jurisdiction may be exercised on the basis that Tropical Group knew or should have known that Sunline was based in Pennsylvania and would feel the brunt of the alleged tortious acts there fails under the Third Circuit's interpretation of *Calder*, which expressly disavows such a broad application of the "effects" test for intentional torts:

> [T]he *Calder* 'effects test' can only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity.  Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement.

*IMO Indus.*, 155 F.3d at 265; *see also Sugartown Worldwide LLC v. Shanks*, 2015 WL 1312572, at *6 (E.D. Pa. Mar. 24, 2015) (mere knowledge that the plaintiff is located in the forum is insufficient under *Calder*); *Greco v. SubGallagher Inv. Tr.*, 2020 WL 4371841, at *7 (E.D. Pa. July 29, 2020) ("The 'effects' of the tortious conduct must connect the defendant to the forum, not just to the plaintiff." (citation omitted)).  Here, as discussed above, the alleged tortious actions occurred in California and do not connect Tropical Group to Pennsylvania apart from the fact the Plaintiff is based in Pennsylvania.

 For all the reasons discussed above, Sunline has not alleged sufficient facts to warrant the exercise of specific personal jurisdiction over Tropical Group.

### B. Personal Jurisdiction over Non-Responsive Defendants

Defendants Glove King and Leong have not filed an answer to Sunline's Complaint nor filed any responsive briefing in this case.  Upon Sunline's request, the Clerk of Court has entered a default against Glove King and Leong for failure to appear, plead, and otherwise defend.  The Court will hold a hearing on the request for default judgment.

The Court has a duty to assure that it has the power to enter a valid default judgment and must "satisfy itself that it has personal jurisdiction over the party against whom default judgment is requested."  *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).  If personal jurisdiction cannot be exercised over a defendant against whom default judgment is sought, the Court may "decline to enter default judgment and instead dismiss for lack of personal jurisdiction *sua sponte*."  *D'Onofrio*, 430 F. Supp. 2d. at 437.

Because the Court raises the issue of personal jurisdiction as to Glove King and Leong *sua sponte* (given that they are non-responsive parties), the Court will allow Sunline a

11

"reasonable opportunity to present any available evidence supporting the court's jurisdiction." *Sys. Pipe & Supply*, 242 F.3d at 325; *see also Blythe v. Marauder Corp.*, 2010 WL 3609789, at *2 (D.N.J. Sept. 16, 2010) (ordering plaintiff to show cause where complaint did not lay out elements establishing personal jurisdiction over defendant). Accordingly, Sunline will show cause as to why the Court should not dismiss the claims against non-responsive Defendants for lack of personal jurisdiction. If Sunline fails to provide sufficient additional evidence or allegations to support the Court's exercise of jurisdiction over Glove King and Leong, the Court will set aside the Clerk of Court's entry of default pursuant to Rule 55(c) and dismiss Sunline's claims against Glove King and Leong. *See, e.g.*, *Bon-Aire Indus., Inc. v. Mitchell Prod.*, 2010 WL 5287386, at *4 (D.N.J. Dec. 16, 2010).

      An appropriate order follows.

                                        **BY THE COURT:**

                                        **/s/Wendy Beetlestone, J.**

                                        _____

                                        **WENDY BEETLESTONE, J.**